UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAI POLA,<br><br>    Plaintiff,<br><br>  v.<br><br>MAHENDER RAO, et al.,<br><br>    Defendants. | No. 2:19–cv–1154–MCE–KJN<br><br>ORDER<br><br>(ECF No. 17) |

On April 29, 2020, the court held a hearing on plaintiff's motion for default judgment against defendant Srinivas Rao. (ECF No. 17.) The night before the hearing, Attorney Vani Moodley filed a motion to dismiss for lack of jurisdiction on behalf of defendants Mahender Rao and Srinivas Rao, setting the motion for a hearing the next morning. (ECF No. 22.) At the hearing, attorney Brian R. Katz appeared on behalf of plaintiff, and Moodley entered a special appeared on behalf of defendants. The court and counsel discussed the status of the case.

Plaintiff's motion for default judgment is denied for multiple reasons. First, as this is an action on a breach of partnership, where one partner has appeared and default is sought against another, the Ninth Circuit has indicated it would be inappropriate to enter default against the absent defendant until after liability is established against the appearing defendant. See In re First T.D. & Inv., Inc., 253 F.3d 520, 532 (9th Cir. 2001) ("[W]here a complaint alleges that defendants are jointly liable and one of them defaults, judgment should not be entered against the

1

defaulting defendant until the matter has been adjudicated with regard to all defendants.").
Second, plaintiff's motion for default judgment against Srinivas Rao is deficient, as plaintiff provides little basis for his damages calculations beyond a short declaration. <u>Geddes v. United Fin. Grp.</u>, 559 F.2d 557, 560 (9th Cir. 1977) ("The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); <u>see also, e.g.</u>, <u>Rubicon Glob. Ventures, Inc. v. Chongquing Zongshen Grp. Imp./Exp. Corp.</u>, 630 F. App'x 655, 658 (9th Cir. 2015) ("The district court abused its discretion by failing to hold a hearing on damages prior to entering the default judgments in Rubicon I, II, and III, where the judgments were based on Plaintiffs' own conclusory declarations of their future lost profits over the course of five years.").

In addition, it would be inappropriate to enter default judgment at this time, given the recent developments in the case. Defendants obtained counsel before the hearing, who entered a special appearance to challenge jurisdiction. The district court will need to resolve that motion, as well as (should the case move beyond the jurisdictional issue) defendants' request to lift the entry of default. <u>See</u> Local Rule 302(c)(21) ("Actions initially assigned to a Magistrate Judge under this paragraph shall be referred back to the assigned Judge if a party appearing in propria persona is later represented by an attorney appearing in accordance with L.R. 180.").

## **ORDER**

It is HEREBY ORDERED that:

1. Plaintiff's motion for default judgment is DENIED WITHOUT PREJUDICE;
2. Pursuant to Local Rule 302(c)(21), the case is referred back to assigned District Judge, Judge England, and the Pro Se designation is removed; and
3. Defendants shall renotice their motion to dismiss for lack of jurisdiction before Judge England, as per the requirements of Local Rule 230.

Dated: April 29, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

pola.1154

2