UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAI POLA,<br><br>        Plaintiff,<br><br>        v.<br><br>MAHENDER RAO and SRINIVAS RAO,<br><br>        Defendants. | No.  2:19-cv-01154-MCE-KJN<br><br>**ORDER** |

Through this action, Plaintiff Sai Pola ("Plaintiff") seeks damages from Defendants Mahender Rao and Srinivas Rao (collectively, "Defendants") for wrongful expulsion from partnership, breach of fiduciary duty, and partnership accounting.  Presently before the Court is Defendants' Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction ("Motion").  ECF No. 25.  For the reasons set forth below, Defendants' Motion is DENIED.[1]

Plaintiff filed his complaint on June 21, 2019, and the Court subsequently issued the Initial Pretrial Scheduling Order ("PTSO") on June 24, 2019.  ECF Nos. 1, 4.  According to the PTSO, all non-expert discovery was to be completed no later than 365 days from the date the case was opened, and all dispositive motions were to be filed no

---

[1] Because oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

1

later than 180 days after the close of non-expert discovery.  ECF No. 4 at 2, 4.  On September 19, 2019, Defendant Mahender Rao, proceeding pro se, filed an Answer and asserted improper venue as the only affirmative defense.  ECF No. 5.  The Clerk of Court entered default against Defendant Srinivas Rao on April 22, 2020.  ECF No. 13.  Although the assigned magistrate judge denied Plaintiff's Motion for Default Judgment, the entry of default against Defendant Srinivas Rao was never set aside either by motion or stipulation.[2]  See ECF No. 17.  Defendants, through special appearance by counsel, filed the present Motion on May 4, 2021.  ECF No. 25.

Generally, the Court is required to enter a pretrial scheduling order within 120 days of the filing of the complaint.  Fed. R. Civ. P. 16(b).  The scheduling order "controls the subsequent course of the action" unless modified by the Court. Fed. R. Civ. P. 16(e).  "A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."  Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) (citation and internal quotation marks omitted).  Orders entered before the final pretrial conference may be modified upon a showing of "good cause," Fed. R. Civ. P. 16(b), but orders "following a final pretrial conference shall be modified only to prevent manifest injustice." Fed. R. Civ. P. 16(e); see also Johnson, 975 F.2d at 608.

According to the PTSO, non-expert discovery should have been completed by June 21, 2020, and dispositive motions should have been filed by December 21, 2020; however, the present Motion was not filed until May 4, 2021.[3]  To date, no modification

---

[2] Because the Clerk's entry of default against Defendant Srinivas Rao has never been set aside, Defendant Srinivas Rao is not entitled to bring the present Motion.  Great Am. Ins. Co. v. M.J. Menefee Const., Inc., No. CV F 06-0392 AWI DLB, 2006 WL 2522408, at *2 (E.D. Cal. Aug. 29, 2006) ("The Clerk of Court's entry of default cuts off Defendants' rights to appear in this action, file counterclaims, or to present a defense.").  "The proper remedy for a defendant seeking to set aside default and defend an action is to file a motion to set aside entry of default pursuant to" Federal Rule of Civil Procedure 55(c). Warner Bros. Home Ent., Inc. v. Meyers, CV 13-00890 SJO (VBx), 2013 WL 12142605, at *1 (N.D. Cal. Apr. 24, 2013); Fed. R. Civ. P. 55(c) ("The court may set aside an entry of default for good cause . . ."); see also Defs.' Reply, ECF No. 29 at 3 (declining to request that the entry of default be vacated at this time).

[3] Defendants originally filed their Motion on April 28, 2021, but it was noticed before the assigned magistrate judge.  ECF No. 22.  Regardless, this date still falls outside the deadlines set forth in the PTSO.

has been made to the PTSO, nor has any party moved to modify it.  Therefore, Defendants' Motion is untimely, and, to the extent Defendants challenge the Court's personal jurisdiction over them, it is denied on that basis.  See also S.E.C. v. Eurobond Exchange, Ltd., 13 F.3d 1334, 1337 (9th Cir. 1994) ("In civil cases, Federal Rule of Civil Procedure 12(h)(1) mandates a waiver of the defense of lack of personal jurisdiction unless it is raised in the answer.").

Although Defendants' Motion is filed far beyond the time frame set forth in the PTSO, because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived.  United States v. Cotton, 535 U.S. 625, 630 (2002).  "The objection that a federal court lacks subject-matter jurisdiction, see Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."  Arbaugh v. Y & H Corp., 546 U.S. 500, 506 (2006).  Indeed, "courts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Id. at 514 (citing Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999)); see Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Here, Plaintiff's Complaint asserts diversity of citizenship as the basis for federal jurisdiction.  ECF No. 1 ¶ 5.  Diversity jurisdiction is proper when the amount in controversy exceeds $75,000, and where the matter is between the citizens of different states.  28 U.S.C. § 1332(a).  Diversity jurisdiction requires complete diversity of citizenship, with each plaintiff being a citizen of a different state from each defendant. Id.; Caterpillar, Inc. v. Lewis, 519 U.S. 61, 68 (1996).  Plaintiff is a California resident, Defendant Mahender Rao is a Michigan resident, and Defendant Srinivas Rao is a Virginia resident.  ECF No. 1 ¶¶ 2–4.  Because "the purpose of diversity jurisdiction is to neutralize any bias that a local court may have in favor of a local resident, an argument which does not extend with any force where there are citizens of the same foreign country on both sides," the fact that Plaintiff and Defendant Srinivas Rao are both

citizens of India does not destroy diversity jurisdiction.  Resource Recovery Corp. v. Inductance Energy Corp., No. CV-20-00764-PHX-SPL, 2020 WL 6149844, at *3 (D. Ariz. Oct. 20, 2020) ("Accordingly, this Court concludes that the presence of Canadian plaintiffs and defendants in this case would not destroy diversity jurisdiction.").  As for the amount in controversy, Plaintiff seeks to recover approximately $2,898,000 in addition to attorney's fees, which more than exceeds $75,000.  ECF No. 1 at 6–7.  Therefore, the Court finds that subject matter jurisdiction exists on the basis of diversity jurisdiction.

Based on the foregoing, Defendants' Motion to Dismiss for Lack of Personal and Subject Matter Jurisdiction, ECF No. 25, is DENIED.

IT IS SO ORDERED.

Dated:  October 13, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE