UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAI POLA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MAHENDER RAO, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-01154-MCE-KJN<br><br>**ORDER** |

　　　　By way of this action, Plaintiff Sai Pola ("Plaintiff") seeks to recover for injuries purportedly sustained in a failed business venture undertaken with Defendants Mahender Rao and Srinivas Rao (collectively, "Defendants"). The Complaint was filed on June 21, 2019, and Defendant Mahender Rao filed an Answer on September 19, 2019. Defendant Srinivas Rao did not answer the Complaint, and default was entered by the Clerk of the Court on April 22, 2020. Plaintiff subsequently filed a motion for default judgment and motion to dismiss for lack of personal and subject matter jurisdiction. ECF No. 17. The magistrate judge denied without prejudice the motion for default judgment and directed Defendants to file the jurisdictional motion before this Court. ECF No. 24. Defendants complied, after which this Court denied that motion on the bases that Defendants had waived any challenge to the Court's personal jurisdiction

1

and that subject matter jurisdiction had been established.  ECF No. 30.  Defendants have now filed with the Court a combined Motion for Judgment on the Pleadings, for Summary Judgment, and to Vacate Default as to Srinivas Rao.  ECF No. 39.  That motion is DENIED.[1]

First, Defendants seek judgment on the pleadings as to Plaintiff's second cause of action for breach of fiduciary duty on the basis that Defendants' conduct, as set forth in the pleadings, cannot be found wrongful because two of the three partners agreed to the challenged course of action.  More specifically, according to Defendants, "[i]n accordance with partnership law, such a decision being the will of the majority of the partners within the partnership, falls outside the power of a Court to review."  Mot. at 4.  In addition, Defendants contend Plaintiff cannot show lost profits because the partnership was profitable.  Defendants' arguments are wholly insufficient because they cite no legal authority for their positions whatsoever and because they ignore the fact that Plaintiff contends his partners cut him out of the partnership and refused to pay him his share of the profits, which is consistent with arguing that profits were generated.  The motion for judgment on the pleadings is DENIED.

Second, Defendants move for summary judgment on the basis that this Court lacks personal jurisdiction over them and that venue is improper.  It also appears that Defendants again challenge subject matter jurisdiction.  Other than motions filed by pro se litigants who are obviously not trained in the law or the machinations of the courts, this is the worst attempt at filing a motion for summary judgment the Court has ever seen.  As to personal jurisdiction and venue, Defendants cite almost nothing in the way of the law, and in support of their sparse facts, they cite to unauthenticated discovery responses and what appear to be business records.  Never do Defendants tie the facts and law together to make any coherent argument.  Similarly, as to subject matter jurisdiction, Defendants argue that Plaintiff cannot show that his damages exceed

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs.  E.D. Local Rule 230(g).

2

$75,000, but they offer no evidence to show why their own damages theory must succeed over Plaintiff's as a matter of law.  Nor have Defendants addressed at all any other recoveries (e.g., attorneys' fees) that should be included in the amount in controversy calculation.[2]  Defendants' motion for summary judgment is thus DENIED as well.[3]

Finally, Defendants move to set aside the default against Srinivas Rao on the basis that: (1) there is no personal jurisdiction; (2) venue is improper; (3) the Court lacks subject matter jurisdiction; and (3) Plaintiff cannot establish a partnership was formed with Defendants.  This argument is thus derivative of and fails with the above.  Even if that was not the case, however, the argument fails for the independent reason that Defendants have not even attempted to identify or address the appropriate legal standard for setting aside a default.  Accordingly, Defendants' motion to set aside is DENIED.

## CONCLUSION

Defendants' combined Motion for Judgment on the Pleadings, Motion for Summary Judgment, and Motion to Set Aside Default (ECF No. 39) is DENIED.  Counsel is admonished that this Motion fails to comply with the strictures of the local rules, the Federal Rules of Civil Procedure, or the Federal Rules of Evidence.[4]  Nor does it even remotely comport with the basic tenets attorneys are supposed to master before

---

[2] Defendants also make what seems to be an argument unrelated to jurisdiction, again without reliance on any law and with reference to completely unauthenticated documentation, that Plaintiff cannot prove he formed a partnership with them in the first place.  Just no.  There is no basis whatsoever on which this Court could rely to grant judgment in Defendants' favor as a matter of law on this argument.

[3] Given that Defendants' damages argument appears to turn wholly on the allegations in the Complaint, their jurisdictional argument also fails because the Court has already disposed of this issue and Defendants have shown no basis for reconsideration.

[4] Filing a separate statement of undisputed facts after the opposition pointed out it was missing, and citing to the same non-evidence in support of Defendants' already lacking arguments, does nothing to save these deficiencies.  Too little too late.

departing law school and certainly prior to passing the bar exam—that is, it does not even attempt to mesh the facts with the law.  This district already operates with too few judges and too many cases.  Accordingly, this Court lacks the patience to entertain such shoddy lawyering.  Going forward, filings as deficient as this will be stricken and not considered.

IT IS SO ORDERED.

Dated:  December 13, 2023

_____
MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE