# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sai Pola, | No. 2:19-cv-01154-KJM-CSK |
| Plaintiff, | ORDER |
| v. | |
| Mahender Rao and Srinivas Rao, | |
| Defendants. | |

The court held a final pretrial conference for this case on July 11, 2024, during which it ordered the parties to file within seven days a joint filing identifying the parties' disputed and undisputed facts, after which the matter would be submitted and a written Final Pretrial Order would issue. *See* Hr'g Mins., ECF No. 51.[1] The court received a status report filed by plaintiff only. *See* Status R., ECF No. 52. Plaintiff's counsel, Brian R. Katz, filed a signed declaration with the status report. *See* Katz Decl., ECF No. 52 at 6-7. Despite the best efforts of Mr. Katz to engage defense counsel, Vani Moodley, in drafting a joint status report, Mr. Katz says he did not receive a response from defense counsel in order to file a joint status report by the court imposed deadline on July 18, 2022. The court subsequently issued an order directing Mr. Moodley to show cause why he should not be sanctioned in the amount of $250.00 for his lack of compliance

---

[1] The court issued the Final Pretrial Order on August 7, 2024. *See* Final Pretrial Order, ECF No. 57.

1

1    with the court's prior order.  *See* Order (July 30, 2024), ECF No. 54.  Mr. Moodley has now

2    replied to the order to show cause.  *See* Moodley Reply, ECF No. 56.

3           "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed . . .

4    to coerce the defendant into compliance with the court's order[.]"  *United States v. United Mine*

5    *Workers of Am.*, 330 U.S. 258, 303–04 (1947). In exercising its discretion to impose sanctions to

6    ensure compliance with its order, the court must consider "the character and magnitude of the

7    harm threatened by continued contumacy, and the probable effectiveness of any suggested

8    sanction in bringing about the result desired."  *Id.* at 304.  "[I]n fixing the amount of a fine to be

9    imposed . . . as a means of securing future compliance, [the court must also] consider the amount

10   of defendant's financial resources and the consequent seriousness of the burden to that particular

11   defendant."  *Id.*  "The measure of the court's power in civil contempt proceedings is determined

12   by the requirements of full remedial relief."  *McComb v. Jacksonville Paper Co.*, 336 U.S. 187,

13   193 (1949).  Thus, nonmonetary sanctions "such as the production of books" may be appropriate.

14   *Id.* at 193–94.  The court also may award attorney's fees and costs associated with a civil

15   contempt motion.  *See Donovan v. Burlington N., Inc.*, 781 F.2d 680, 684 (9th Cir. 1986).

16          In his reply, Mr. Moodley states that on July 17, 2024, he "promptly communicated [his]

17   intention to include the disputed issues of diversity jurisdiction and venue" in the list of disputed

18   facts Mr. Katz had previously emailed him.  Moodley Reply ¶ 1.  Mr. Moodley does not clarify if

19   he sent an edited version of disputed facts or did anything other than "communicate[ his]

20   intention."  *Id.*  Mr. Moodley admits to receiving a follow up email from Mr. Katz on July 19,

21   2024 before the court's deadline and not responding to it because he "thought the matter was

22   resolved."  *Id.* ¶¶ 2–3.  He further admits that when Mr. Katz made a final effort to email

23   Mr. Moodley and secure his collaboration on the joint status report on July 22, 2024, his assistant

24   had to alert him of Mr. Katz's email.  *See id.* ¶ 4.  Mr. Moodley declares he "immediately

25   composed a reply email to Katz [and] thought [he] had sent the email," but realized at the end of

26   the day after his meetings "the email was still in [his] 'drafts' folder."  *Id.*

27          Compliance with the court's orders is not a perfunctory requirement, but rather a

28   requirement necessary for the court to conduct the case properly and efficiently.  Mr. Moodley

had one week's notice of the deadline for the joint status report.  He was as responsible for its submission as was Mr. Katz.  His duty to his client and to this court required he ensure compliance with the court-imposed deadline, regardless of his mistaken assumptions, other meetings or unsent emails.  Because Mr. Moodley subsequently complied with the court's order by signing the most recent joint status report, *see* Joint Status Rep., ECF No. 55, the court will not sanction him at this time.  However, the court strongly cautions Mr. Moodley that sanctions will be imposed in the future if he fails to comply with the court's orders or timely meet and confer with opposing counsel.

The court hereby **discharges** the order to show cause.

IT IS SO ORDERED.

DATED: August 14, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE